UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:17-CV-119-JEM |
| | ) | |
| 2014 Nissan Altima 2.5L VIN | ) | |
| 1N4AL3AP9EC195679, | ) | |
|     Defendant, | ) | |
| | ) | |
| LUIS HECTOR JAQUEZ and ENEDEO | ) | |
| RODRIGUEZ, JR., | ) | |
|     Claimants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a filing [DE 34] by Enedeo Rodriguez, Jr., *pro se*, on February 25, 2020, and a motion to compel discovery [DE 47], filed by Rodriguez on June 1, 2020. Rodriguez claims that the defendant property in this matter belongs to him, and asks the Court to order the Government to produce discovery related to his potential claim. On May 27, 2020, the Government filed a response to Rodriguez's untimely claim, and on June 4, 2020, Rodriguez filed a reply. The Government also filed a response to the motion to compel, on June 8, 2020.

**I.     Background**

On November 2, 2016, a 2014 Nissan Altima was seized from Luis Hector Jaquez during an investigation into drug trafficking activity. On March 17, 2017, the Government filed a Complaint of Forfeiture in Rem against the car. The Government sent direct notice to two potential claimants, Jaquez and Heidi Herr, and placed a notice of the action on a government website. On February 22, 2020, the Court entered an agreed judgment between the Government and Jaquez, the lone claimant.

After the judgment was entered, Rodriguez made the instant filing, stating that Jaquez[1] did not actually own the car but was keeping it at his residence to repair it. Rodriguez states that the car "had its title work in the glove box addressed to R n R Auto Sales INC.," and describes himself as the "owner" of the company. In response, the Government states that Rodriguez's name did not come up when it first investigated the car, and there was no ownership paperwork in the glove box. However, in investigating Rodriguez's late filing, the United States Attorney's Office has "since learned of the existence of a Bill of Sale" collected from Jaquez's residence. The bill of sale, dated October 20, 2016, lists "R N R Auto Sales, Inc" as the buyer of the 2014 Nissan Altima.

**II.     Analysis**

Forfeiture actions *in rem* are governed, in part, by the procedure laid out in Rule G of the Supplemental Rules of Civil Procedure for Asset Forfeiture Actions. *See* Fed. R. Civ. P. Supp. R. G. When giving notice to potential claimants, the government must send "direct notice of the action to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim." Fed. R. Civ. P. Supp. R. G(4)(b). In this case, the Government did not give direct notice of the action to Rodriguez, and Rodriguez argues he was entitled to direct notice based on the facts available to the Government.

The Government argues that, because the United States' Attorney's Office was not aware of the bill of sale during the claims period, Rodriguez did not "reasonably appear[] to be a potential claimant on the facts known to the government," Fed. R. Civ. P. Supp. R. G(4)(b)(i), and therefore he was not entitled to direct notice. To the extent the Government argues that "facts known to the

---

[1] The Court struck Jaquez's response to Rodriguez's motion, because it was filed *pro se* and Jaquez is represented by counsel. [DE 38] at 2. The Court extended the deadline for Jaquez to respond through counsel, but no further response was filed.

government" refers only to the lawyers, and not to the agent or agents who recovered the bill of sale, it provides no legal support for that interpretation. In civil forfeiture cases, knowledge of the government can often be imputed from the knowledge of the agents investigating the related criminal case. *See, e.g.*, *United States v. Carrell*, 252 F.3d 1193, 1205 n.13 (11th Cir. 2001) (imputing knowledge obtained by government agents to the government itself, to assess the statute of limitations in a civil forfeiture case); *United States v. Premises Known as 318 S. Third St., Minneapolis, Minn., Hennepin Cty.*, 988 F.2d 822, 826 (8th Cir. 1993) (imputing the FBI's knowledge to the government).

More generally, the Government has an obligation to investigate the facts reasonably within its reach to find potential claimants. "The government is not required to engage in a sprawling, open-ended investigation . . . . If, however, the government has easy access to a lead that it knows (or reasonably should know) is potentially fruitful, it has some duty to elicit the available information and take reasonable action in response to it." *United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 24 (1st Cir. 2006) (citations omitted).

The Government describes various steps it took to identify potential claimants, such as checking CARFAX and searching VIN records. But the Government does not address who discovered the bill of sale, when or how it was discovered, whether the discovery was reported at the time, or why the document was overlooked, other than that it was "part of a larger collection of documents." The response does not provide enough detail for the Court to make the required "fact-specific" inquiry as to whether the failure to investigate the bill of sale was reasonable. *Sloop Sailboat*, 458 F.3d at 24 ("The extent of the required follow-up will, of course, vary with the nature of the lead, the costs of pursuing the lead, and the idiosyncrasies of the case."). Without this information, the Court cannot determine whether Rodriguez was entitled to direct notice.

The Government also argues that Rodriguez was not entitled to direct notice because he already knew that the government had seized his property. "A potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture" because of inadequate notice. Fed. R. Civ. P. Supp. R. G(4)(b)(v). But that only applies if Rodriguez had actual knowledge of *this* action[2]; knowledge that the government seized his property is not enough. *Sloop Sailboat*, 458 F.3d at 22 ("[K]nowledge of a seizure, without more, is insufficient to defeat a challenge premised on an absence of actual notice."); *see also United States v. $41,320 U.S. Currency*, 9 F. Supp. 3d 582, 587 (D. Md. 2014) (holding that the potential claimant's knowledge that his money had been seized did not negate the obligation to provide notice of the action); *United States v. 2011 Chevrolet Silverado 1500 Crew Cab*, No. CV 1:13-137, 2014 WL 12620824, at *1 (S.D. Tex. June 10, 2014) (finding that a notice of forfeiture served before the action was filed did not satisfy Rule G(4)(b)). The Government does not argue that Rodriguez had knowledge of this forfeiture action.

Rodriguez asks the Court to order the Government to produce various documents from the broader criminal investigation, and to subpoena a previous owner of the car, all of which he says will show that investigators should have known he owned the car. However, only some of those documents are relevant to this issue. The Government should produce: (1) any investigation reports or other documents that mention the bill of sale, (2) any documents that describe the items collected from Jaquez's residence when the bill of sale was retrieved, and (3) any other documentation collected from Jaquez's residence relating to the ownership of the car that is the subject of this

---

[2] Rodriguez presents evidence that he tried to reclaim the car by filing a motion in his state criminal case. The state court "decline[d] to accept or approve [the motion] for filing," because it was not filed by his lawyer. *See State of Indiana v. Enedeo Rodriguez, Jr.*, Elkhart Circuit Court, Case No. 20C01-1611-F2-000031 (April 4, 2020 Order).

4

action. To the extent any documents need to be redacted, the Government should include a privilege log, and the unredacted versions should be provided to the Court for in camera review.

### III.   Conclusion

For the reasons described above, the Court hereby **ORDERS** the Government to file, on or before **July 2, 2020**, a supplemental response to the filing of Enedeo Rodriguez, Jr., addressing why the discovery of the bill of sale did not reasonably lead to Rodriguez being identified as a potential claimant. The Court **ORDERS** Jaquez to file a response through counsel, indicating his position on Rodriguez's filing, by **July 2, 2020**. The Court **GRANTS in part and DENIES in part** Rodriguez's motion to compel discovery [DE 47], and **ORDERS** the Government to file the documentation described in this order by **July 2, 2020**.

So ORDERED this 11th day of June, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:  All counsel of record
　　Enedeo Rodriguez, Jr., #988510, Indiana State Prison, One Park Row, Michigan City, IN 46360