UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          ) | |
|         Plaintiff,          ) | |
|   v.          ) | CAUSE NO.: 2:17-CV-119-JEM |
|                   ) | |
| 2014 Nissan Altima 2.5L VIN          ) | |
| 1N4AL3AP9EC195679,          ) | |
|         Defendant,          ) | |
|                   ) | |
| LUIS HECTOR JAQUEZ and ENEDEO          ) | |
| RODRIGUEZ JR.,          ) | |
|         Claimants.          ) | |

**OPINION AND ORDER**

This matter is before the Court on a filing [DE 34] by Enedeo Rodriguez, Jr., *pro se*, on February 25, 2020. Rodriguez claims that the defendant property in this matter belongs to him, and that the Government failed to notify him of this action. On June 11, 2020, the Court ordered the government to file a supplemental response and produce documents relating to the investigation. The Government filed its supplemental response as ordered on June 19, 2020, and Rodriguez filed a belated reply on July 13, 2020.

On June 16, 2020, Rodriguez filed a motion [DE 52] asking the Court to compel the Government to produce more documents. On July 9, 2020, Rodriguez filed another motion [DE 56] asking the Court to send him numerous documents from the docket. No party responded to these motions, and the time to do so has passed.

**I.    Background**

On November 2, 2016, a 2014 Nissan Altima was seized from Luis Hector Jaquez during an investigation into drug trafficking activity. On March 17, 2017, the Government filed a Complaint of Forfeiture in Rem against the car. The Government sent direct notice of the action to two potential

claimants, Jaquez and Heidi Herr. On February 22, 2019, the Court entered an agreed judgment between the Government and Jaquez, the lone claimant.

After the judgment was entered, Rodriguez made the instant filing, stating that Jaquez[1] did not actually own the car but was keeping it at his residence to repair it. Rodriguez states that the car "had its title work in the glove box addressed to R n R Auto Sales INC.," and describes himself as the "owner" of the company. In response, the Government states that Rodriguez's name did not come up when it first investigated the car. However, in investigating Rodriguez's late filing, the United States Attorney's Office has "since learned of the existence of a Bill of Sale" collected from Jaquez's residence. The bill of sale, dated October 20, 2016, lists "R N R Auto Sales, Inc" as the buyer of the 2014 Nissan Altima.

**II.   Analysis**

Forfeiture actions *in rem* are governed, in part, by the procedure laid out in Rule G of the Supplemental Rules of Civil Procedure for Asset Forfeiture Actions. *See* Fed. R. Civ. P. Supp. R. G. When giving notice to potential claimants, the government must send "direct notice of the action to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim." Fed. R. Civ. P. Supp. R. G(4)(b). Rodriguez argues he was entitled to direct notice based on the facts available to the Government.

As an initial matter, Rodriguez asks the Court to order the Government to "properly include all documents/reports that were attached to the sale of the Nissan Altima." The Court has already ordered the Government to produce all documents collected from Jaquez's residence relating to the

---

[1] The Court struck Jaquez's response to Rodriguez's motion, because it was filed *pro se* and Jaquez is represented by counsel. [DE 38] at 2. The Court gave Jaquez multiple opportunities to respond through counsel, but no response was filed.

ownership of the car, and the Government states that it has produced all of the documents that it can identify. Rodriguez does not identify any relevant documents that are outside the scope of the Court's prior order, so the Government does not need to produce anything else.

Despite recovering a bill of sale listing "R N R Auto Sales, Inc" as the buyer, the Government argues that Rodriguez himself did not reasonably appear to be a claimant. The Government's supplemental documents provide some support for that position. When the car was recovered from Jaquez's home, Jaquez told the DEA that he bought the car from Auburndale Motorsports, and instructed that it be "titled under R and R Auto Sales." Ex. A to Gov't Supp. Resp. at 4 [DE 53-1]. The bill of sale itself does not list any person's name, but indicates that the car was purchased by "R N R Auto Sales" from Auburndale Motorsports. *See* Ex. B to Gov't Resp. [DE 46-2]. This was consistent with what Jaquez told investigators, and with his verified claim that he owned the car. The bill of sale alone would not necessarily have alerted the Government to the possibility that someone else owned the car.

The Government was obliged to investigate further, which it did – checking CARFAX and searching VIN records, and interviewing an employee of Auburndale Motorsports. According to the Government, none of this pointed to Rodriguez as the owner. Rodriguez argues that the vehicle's title paperwork would have shown that he was the owner, but it is not clear that the Government ever found that paperwork. Although the list of items recovered from Jaquez's home includes "[t]itle paperwork for several vehicles," Ex. A to Gov't Supp. Resp. at 12 [DE 53-1], and Rodriguez believes the bill of sale and title were kept together, the Government states that it "has not identified any other documentation collected from Jaquez's residence" relating to the ownership of the car. Without clear evidence that the Government recovered the title paperwork for this car, the Court cannot conclude that Rodriguez reasonably appeared to the Government to be a potential claimant

3

during the claims period. Given the Government's other efforts to find the owner of the car, it appears that the investigation, while not necessarily perfect, was adequate under the circumstances. *See United States v. One Star Class Sloop Sailboat*, 458 F.3d 16, 24 (1st Cir. 2006) (holding that the Government must exercise "diligence commensurate with the particular circumstances," but does not need to undertake "sprawling, open-ended" investigations). Therefore, there is no relief the Court can provide Rodriguez in this action.

Finally, Rodriguez asks for copies of the docket and numerous documents filed in this case. Because Rodriguez's attempted claim is dismissed, the documents are not necessary for him to litigate this case, and the Court will not provide them. The Court's fee for copies is $0.50 per page, *see* Miscellaneous Fee Schedule, https://www.innd.uscourts.gov/MiscellaneousFeeSchedule. Rodriguez may direct requests for copies to the Clerk of Court, if they are accompanied by payment.

### III.  Conclusion

For the reasons described above, the Court hereby **DENIES** the relief requested in Rodriguez's filing [DE 34], and **DISMISSES** the attempted claim of Enedeo Rodridguez Jr. to the defendant property. The Court **DENIES** the relief requested in the motion for additional discovery [DE 52] and the motion seeking copies of documents [DE 56].

So ORDERED this 27th day of July, 2020.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record
    Enedeo Rodriguez, Jr., #988510, Indiana State Prison, One Park Row, Michigan City, IN 46360